UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABDELOUAHAB BOUCHERAFA (A# 235-482-192),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER,

Respondent.

No.  1:26-cv-01418 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through appointed counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).  Because petitioner concedes that "he is no longer being held in violation of due process as he was when he first filed the petition," ECF No. 14 at 2, the undersigned recommends the § 2241 petition be dismissed without prejudice.

I.      **Factual and Procedural Background**

Petitioner is a citizen and national of Algeria who is currently detained in the Mesa Verde Immigration Detention Facility, within this judicial district.  ECF No. 1 at 3.  Petitioner was admitted into the United States on November 19, 2023, pursuant to a B2 visa, but overstayed his authorization.  ECF No. 7-1 at 3.  Immigration officials arrested petitioner on August 20, 2025, pursuant to 8 U.S.C. § 1226(a) (ECF No. 7-2) and charged him as inadmissible for overstaying

1

his visa under 8 U.S.C. § 1227(a)(1)(B).  ECF No. 7-3.

Petitioner, proceeding pro se, filed the instant § 2241 petition on February 18, 2026, challenging his ongoing detention without a bond hearing under the Due Process Clause of the Fifth Amendment.  ECF No. 1.  Respondent filed a motion to dismiss the petition as moot on February 27, 2026, conceding that petitioner is eligible for a custody redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1).  ECF No. 7.  On March 4, 2026, the undersigned ordered respondent to file a supplemental brief clarifying "whether (1) petitioner has received a custody redetermination hearing; and (2) whether he is still in immigration detention."  ECF No. 8.  Respondent submitted evidence that petitioner received a custody redetermination hearing on March 5, 2026, and was ordered released on a $20,000.00 bond.  ECF No. 9, 10.  However, because petitioner could not afford bond, he remained detained.  Id.

The undersigned then appointed counsel to petitioner with instructions to respond to respondent's supplemental briefing or file an amended complaint.  ECF No. 11.  Appointed counsel filed a response explaining that he is seeking to put petitioner in touch with organizations that may be able to pay the bond and "concedes that [petitioner] is no longer being held in violation of due process as he was when he first filed the petition."  ECF No. 14 at 2.

**II.     Analysis**

Through this habeas action, petitioner sought an order requiring, *inter alia*, a bond hearing before an immigration judge where, if the government cannot meet its burden of establishing petitioner presents a risk of flight or danger, "the immigration judge order Petitioner's release on appropriate conditions of supervision, taking into account Petitioner's ability to pay a bond."  ECF No. 1 at 17.  In the counseled reply brief, petitioner concedes that he is "no longer being held in violation of due process."  ECF No. 14 at 2.

In light of petitioner's concession, the undersigned agrees that the § 2241 petition is moot.  See Flores–Torres v. Mukasey, 548 F.3d 708, 710 n.3 (9th Cir. 2008) (recognizing mootness of noncitizen's challenge to the length of his detention without an individualized custody hearing where he received the requested hearing after the district court's decision).  Accordingly, the

2

undersigned recommends that respondent's motion to dismiss be granted.  The dismissal should be without prejudice to the filing of a new habeas petition should petitioner seek to raise a legal challenge to the IJ's bond determination, including the consideration of petitioner's financial circumstances and alternative conditions of release.  See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.       Respondent's motion to dismiss (ECF No. 7) be GRANTED.

2.       Petitioner's (A# 235-482-192) § 2241 habeas petition be dismissed without prejudice to refiling.

3.       The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE